#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBER 19-246-1** |
| | : | |
| | : | |
| **MARIO CALDERON-MEDINA** | : | |

#### DEFENDANT'S SENTENCING MEMORANDUM

Mario Calderon-Medina stands before this Court after pleading guilty and fully accepting responsibility for his action in this case. He submits this memorandum in aid of sentencing and respectfully requests this Court impose a sentence at the low end of the sentencing guideline range of 15 to 21 months, or even below the guideline range. For the reasons submitted herein, such a sentence will be sufficient, but not greater than necessary to achieve the goals pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a) and is therefore appropriate in this case.

**I.      MR. CALDERON-MEDINA PERSONAL HISTORY**

Born in Los Mochis, Sinaloa, Mexico, Mr. Calderon-Medina was one of ten children in his family. Presentence Report ("PSR") ¶ 40. In the 1960s, his parents moved to the United States leaving him in the care of his maternal grandparents. PSR ¶ 41. He describes a childhood in which he was an outsider, always feeling like he did not belong. Adding to his feeling, his relatives did not treat him like family. *Id*. From the ages of five to eleven, he was repeatedly sexually abused by an uncle. PSR ¶ 42. When he was just eight years old, he was placed in an "institution" after he was caught stealing something. Sadly, in just the two days he was there, he was raped by adult inmates at the facility. PSR ¶ 42. Also at age eight, Mr. Calderon-Medina

was diagnosed with autism and post-traumatic stress disorder and prescribed medication. *Id*.

Unfortunately, by the age of eleven, Mr. Calderon-Medina was using drugs, a problem which has plagued him throughout his adulthood. *Id*. By age 14, his grandparents sent him to California to reside with his parents. PSR ¶ 43. But instead of a happy reunion, he once again found that he did not fit in and was "different" than the other children in his family and at school. *Id*. He continued to use drugs and dropped out of school in the ninth grade. PSR ¶ 59. In the decades since, he has had cycles of using drugs and getting treatment. He was sober for approximately four to six months prior to his incarceration and reports that at the age of 55, he is "over it" and understands that his drug use has had negative impacts on his relationships with other. PSR ¶ 58.

Mr. Calderon-Medina has supported himself over the years working various construction jobs. In the 1990s, he got married and now has two adult children, ages 23 and 24. One son is in the Air Force currently stationed in London, while the other is an electrical engineer in Virginia. Mr. Calderon-Medina's recent incarceration has caused a strain in his relationship with his children. PSR ¶ 44.

Mr. Calderon-Medina has struggled throughout his adult life with mental health issues. At age 23, he was diagnosed with bipolar disorder and schizophrenia. PSR ¶ 50. He has continued to take various medications and undergo periodic treatment. Records from his incarceration indicate he takes multiple psychoactive drugs. PSR ¶ 51-52. Fortunately, Mr. Calderon-Media is currently stable and while he is depressed he is incarcerated, his depression is currently under control. PSR ¶ 53. He understands that he must continue treatment for both his mental health issues and drug abuse.

## II.     THE RECOMMENDED GUIDELINE RANGE

The recommended sentencing guideline range is 15 to 21 months.  PSR ¶ 72.  This is the result of an offense level of 13 and a criminal history category of II.

## III.    APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

For all the reasons cited herein, a sentence at the low end of the recommended guideline range, or even one below the range, will be sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Mr. Calderon-Medina recognizes the seriousness of this offense and he does not overlook the fact that he has returned to the United States multiple times.  However, it should be noted that his last removal was February 24, 2003 – over sixteen years ago.   Mr. Calderon-Medina is now 55 years old.  He understands that if he ever enters the United States without permission at any point in the future, he will be subject to nothing but further incarceration.[1]  With increased detection at the border and throughout the United States, there is a very strong likelihood he will be caught if he returns.  Should this Court's primary concern be deterrence, this objective is best met by imposing a shorter prison sentence, followed by a period of supervised release.  This will add another layer of deterrence as Mr. Calderon-Medina will not only face new charges if he reenters the United States, he will face additional incarceration for violating Your Honor's supervised release.

---

[1] Should Mr. Calderon-Medina return to the United States without permission, the sentencing guideline range will be 41-51 months (adjusted offense level of 20 – four points added for this conviction under USSG § 2L1.2(b)(1)(A) – and a criminal history category of III).  Should he reenter while on supervised release, those guidelines increase to 51-63 months, as he would receive two additional criminal history points under USSG § 4A1.1(d).

3

It must be noted that because Mr. Calderon-Medina is a deportable alien, he will potentially serve *more* time than a similarly situated United States citizen because he will be barred from participating in programs which could reduce his time in prison.  For example, he will be ineligible to receive furlough and ineligible to serve the last ten percent of his sentence in a halfway house.  28 C.F.R. § 550.55(b)(1).  Likewise, he is prohibited from participating in Residential Drug Abuse Treatment Program (RDAP), despite his documented drug problem.  *Id*. PSR ¶¶ 57-58.  All of these programs would reduce the time a similarly-situated United States citizen would serve on the same sentence.

 Furthermore, it is highly unlikely that Mr. Calderon-Medina would be afforded vocational or educational opportunities due to his status as a deportable alien.  The presence of an immigration detainer will limit access to programs available to similarly-situated United States citizens, including literary and English as a Second Language programs, as similarly-situated United States citizens.  28 C.F.R. § 544.51(b) ("Generally, inmates under orders of deportation, exclusion, or removal may participate in an institution's occupational education program if Bureau resources permit after meeting the needs of other eligible inmates"); 28 C.F.R. § 544.41(a)(3).  In essence, he will only be permitted to participate in educational and occupational programs after all eligible United States citizen inmates are enrolled – an unlikely scenario considering budgetary restraints.

## IV.   CONCLUSION

Mr. Calderon-Medina stands before this Court humbled and having accepted responsibility for his actions.  At 55 years old, he knows he cannot ever return to the United States without specific permission enabling him to do so.  He accepts his inevitable deportation to Mexico and does not intend to reenter the United States in the future.  His children are grown

and he knows that if he returns to the United States, he faces nothing but longer terms of imprisonment.  For all the reasons cited herein, as well as any which become apparent to the Court at the sentencing hearing, Mr. Calderon-Medina respectfully requests this Court impose a sentence at the low end of the recommended guideline range, or even incorporating a downward variance.

                                          Respectfully submitted,

                                          */s/ Nancy MacEoin*
                                          NANCY MacEOIN
                                          Assistant Federal Defender

**CERTIFICATE OF SERVICE**

     I, Nancy MacEoin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Sentencing Memorandum, by electronic notification or hand delivery to his office, upon Thomas R. Perricone, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

                                      */s/ Nancy MacEoin*
                                      NANCY MacEOIN
                                      Assistant Federal Defender

DATE:       September 9, 2019